IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOMINIQUE HENDRIX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. CIV-22-375-D |
| MICHAEL KLIKA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Before the Court is the parties' Joint Notice of Remaining Issues Related to Protective Order [Doc. No. 37]. The parties notified the Court of one remaining issue preventing the parties from submitting an agreed proposed protective order for the Court's consideration. Specifically, Defendants request the following language to be included in the parties' protective order:

> The Court notes that the parties have disputed the anticipated designation of confidentiality of electronic communications between the parties and potential witnesses and to aid in the avoidance of further disputes, the parties agree that such electronic communications, whether marked as confidential pursuant to this Protective Order, shall not be publicly disclosed or otherwise published to anyone with the intent to annoy, embarrass, or oppress any party herein.

[Doc. No. 37, Notice, ¶ 4].

Plaintiff argues that Defendants have failed to show "good cause" for the requested language because they "cannot point to any cause whatsoever to suggest that Plaintiff or the undersigned counsel will publicly disclose or otherwise publish non-confidential documents with the intent to annoy, embarrass, or oppress any party herein…". *Id.* at ¶ 5.

1

Plaintiff ensures the Court there is no basis to include the anti-publication language in the parties' protective order. However, Plaintiff opposes the anti-publication language, arguing that the inclusion of this language will create an "impermissible gag order preventing public discussion of the matters in this case, *even though* this case involves an issue of public concern under the First Amendment." *Id.* (emphasis in original).

Upon consideration, the Court finds there is a good cause for the inclusion of the anti-publication language in paragraph 4 of the parties' joint notice. As stated in the Court's previous Order, the Court is not inclined to allow the parties to publish information obtained through discovery with the intent to publicly annoy or embarrass another party during the pendency of this litigation.

**IT IS THEREFORE ORDERED** that the parties shall submit a joint motion and revised proposed protective order, which shall include the language set forth in paragraph 4 of the parties' Joint Notice of Remaining Issues Related to Protective Order [Doc. No. 37].

**IT IS SO ORDERED** this 8th day of November, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge